**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

NEHEMIAH LEWIS JR.,                )  NO. CV 07-8200-E
                                   )
                Plaintiff,         )
                                   )
        v.                         )  **MEMORANDUM OPINION**
                                   )
MICHAEL J. ASTRUE, COMMISSIONER    )
OF SOCIAL SECURITY ADMINISTRATION, )
                                   )
                Defendant.         )
_____)


**PROCEEDINGS**


      Plaintiff filed a Complaint on December 14, 2007, seeking
review of the Commissioner's denial of benefits.  The parties filed
a consent to proceed before a United States Magistrate Judge on
January 11, 2008.


      Plaintiff filed a motion for summary judgment on July 24, 2008.
Defendant filed a cross-motion for summary judgment on September 10,
2008.  The Court has taken both motions under submission without oral
argument.  See L.R. 7-15; "Order," filed December 17, 2007.

**BACKGROUND AND SUMMARY OF ADMINISTRATIVE DECISION**

Plaintiff, a former bus driver, asserted disability based on a variety of impairments, including alleged heart problems and obesity (Administrative Record ("A.R.") 7-382).  Following a previous court-ordered remand, an Administrative Law Judge ("ALJ") examined the medical record and heard testimony from Plaintiff, a medical expert, and a vocational expert.  Id.  Because Plaintiff returned to substantial gainful activity on May 15, 2006, at issue before the ALJ was whether Plaintiff was disabled from August 27, 2003 to May 14, 2006 (A.R. 290, 356-57).

The ALJ concluded Plaintiff was not disabled from August 27, 2003 to May 14, 2006 (A.R. 290-98).  The ALJ found Plaintiff had the severe impairments of "status post-aortic valve replacement; mild gout; hypertension; sleep apnea; and obesity," but that these impairments, individually or in combination, did not meet or equal any of the Listings (A.R. 293).  The ALJ determined Plaintiff had the residual functional capacity "to perform light work except he is able to stand/walk 4 out of 8 hours a day, occasionally balance, climb, kneel, stoop, crouch and crawl, and should not drive or work at unprotected heights" (A.R. 293).  The ALJ found Plaintiff was unable to perform Plaintiff's past relevant work, but also found, in reliance on the vocational expert's testimony, that there exist significant numbers of other jobs Plaintiff could have performed during the relevant time period (A.R. 296-98).

///

///

1                    **SUMMARY OF PLAINTIFF'S CONTENTIONS**

2

3          Plaintiff contends:

4

5          1.    The ALJ failed to explain sufficiently the ALJ's

6          conclusion Plaintiff did not meet or equal the Listings;

7

8          2.    The ALJ failed to consider properly a certain

9          aspect of the medical expert's testimony; and

10

11         3.    The ALJ's hypothetical questioning of the

12         vocational expert was incomplete.

13

14                         **STANDARD OF REVIEW**

15

16         Under 42 U.S.C. section 405(g), this Court reviews the

17    Commissioner's decision to determine if: (1) the Commissioner's

18    findings are supported by substantial evidence; and (2) the

19    Commissioner used proper legal standards.  See Swanson v. Secretary,

20    763 F.2d 1061, 1064 (9th Cir. 1985).  Substantial evidence is "such

21    relevant evidence as a reasonable mind might accept as adequate to

22    support a conclusion."  Richardson v. Perales, 402 U.S. 389, 401

23    (1971) (citation and quotations omitted).

24

25         This Court "may not affirm [the Administration's] decision

26    simply by isolating a specific quantum of supporting evidence, but

27    must also consider evidence that detracts from [the Administration's]

28    conclusion."  Ray v. Bowen, 813 F.2d 914, 915 (9th Cir. 1987)

(citation and quotations omitted).  However, the Court cannot disturb findings supported by substantial evidence, even though there may exist other evidence supporting Plaintiff's claim.  See Torske v. Richardson, 484 F.2d 59, 60 (9th Cir. 1973), cert. denied, 417 U.S. 933 (1974); Harvey v. Richardson, 451 F.2d 589, 590 (9th Cir. 1971).

The harmless error rule applies to the review of administrative decisions regarding disability.  See Curry v. Sullivan, 925 F.2d 1127, 1129 (9th Cir. 1991); see also Batson v. Commissioner, 359 F.3d 1190, 1196 (9th Cir. 2004); Tonapetyan v. Halter, 242 F.3d 1144, 1148 (9th Cir. 2001).

**DISCUSSION**

After consideration of the record as a whole, Defendant's motion is granted and Plaintiff's motion is denied.  The Administration's findings are supported by substantial evidence and are free from material legal error.

Plaintiff has the burden of demonstrating disability under the Listings.  Roberts v. Shalala, 66 F.3d 179, 182 (9th Cir. 1995), cert. denied, 517 U.S. 1122 (1996); see Sullivan v. Zebley, 493 U.S. 521, 530-31 (1990) (burden is on the claimant to show that his impairment meets all of the specified medical criteria for a listing, or present medical findings equal in severity to all the criteria for the one most similar listed impairment); Johnson v. Barnhart, 390 F.3d 1067, 1070 (8th Cir. 2004) ("The burden of proof is on the plaintiff to establish that his or her impairment meets or equals a listing.").

1   Plaintiff utterly has failed to carry this burden.   Indeed,

2   Plaintiff's motion fails even to suggest how the medical evidence

3   conceivably might prove Plaintiff met or equaled any particular

4   Listing.

5

6       The ALJ discussed the medical evidence thoroughly (A.R. 293-98;

7   see also A.R. 11-19 (prior administrative decision adopted by

8   reference in present administrative decision)).   Contrary to

9   Plaintiff's argument, the ALJ's Listings discussion sufficed under

10  these circumstances.   See Gonzalez v. Sullivan, 914 F.2d 1197, 1201

11  (9th Cir. 1990) ("It is unnecessary to require the [Administration],

12  as a matter of law, to state why a claimant failed to satisfy every

13  different section of the Listing of Impairments.   The

14  [Administration's] four page 'evaluation of the evidence' is an

15  adequate statement of the 'foundations on which the ultimate factual

16  conclusions are based'"); see also Young v. Sullivan, 911 F.2d 180,

17  185 n.2 (9th Cir. 1990) ("This case does not involve the refusal to

18  credit a finding made by an alternative diagnostic technique or

19  multiple impairments.   Therefore, we find that the circumstances of

20  this case make more detailed findings regarding equivalence

21  unnecessary"); Key v. Heckler, 754 F.2d 1545, 1549 n.2 (9th Cir. 1985)

22  ("the ALJ examined the medical reports submitted by the various

23  physicians and concluded that the preponderance of the evidence did

24  not establish the existence of the findings necessary to support a

25  showing of disability under the Listing of Impairments"); Linsky v.

26  Astrue, 2008 WL 2128143 *5 (N.D. Cal. May 20, 2008) (rejecting

27  plaintiff's argument regarding sufficiency of ALJ's Listings analysis

28  where Plaintiff failed to meet plaintiff's burden to demonstrate she

met each and every element described in the Listing or to offer a
theory as to how her impairments equaled a Listing).

Plaintiff's contention regarding the medical expert's testimony
also fails.  Plaintiff argues the ALJ failed properly to consider
testimony from the medical expert purportedly opining that Plaintiff
had a sedentary residual functional capacity.  The medical expert did
not so opine.  The medical expert equivocated, saying that Plaintiff's
residual functional capacity was light and "could have even been at
less . . . may have been at the sedentary [level]" (A.R. 372).
Moreover, to the extent the medical expert may have believed
Plaintiff's residual functional capacity deteriorated to a sedentary
level, any such deterioration lasted only for a "short period of
time," according to the medical expert.  Id.  Thus, Plaintiff failed
to carry his burden of demonstrating that any alleged sedentary
restriction lasted for twelve continuous months.  See Krumpelman v.
Heckler, 767 F.2d 586, 589 (9th Cir. 1985), cert. denied, 475 U.S.
1025 (1986).  In any event, even assuming, arguendo, the medical
expert clearly opined Plaintiff's exertional capacity was at the
sedentary level for twelve continuous months, the law would not
require the ALJ to detail reasons for an implicit disregard of this
aspect of the medical expert's testimony.  See Nyman v. Heckler, 779
F.2d 528, 531 (9th Cir. 1986) (ALJ need not explicitly detail reasons
for rejecting the contradicted opinions of non-treating physicians);
Vincent v. Heckler, 739 F.2d 1393, 1394-95 (9th Cir. 1984) (ALJ need
not discuss all evidence presented).  Consequently, the ALJ did not
err in the ALJ's analysis of Plaintiff's residual functional capacity.
///

1    Finally, the ALJ did not err in the hypothetical questioning of

2   the vocational expert.  Hypothetical questions posed to a vocational

3   expert need not include all conceivable limitations that a favorable

4   interpretation of the record might suggest to exist – only those

5   limitations the ALJ finds to exist.  <u>See, e.g.</u>, <u>Bayliss v. Barnhart</u>,

6   427 F.3d 1211, 1217-18 (9th Cir. 2005); <u>Rollins v. Massanari</u>, 261 F.3d

7   853, 857 (9th Cir. 2001); <u>Magallanes v. Bowen</u>, 881 F.2d 747, 756-57

8   (9th Cir. 1989); <u>Martinez v. Heckler</u>, 807 F.2d 771, 773-74 (9th Cir.

9   1986).  Here, the hypothetical question posed to the vocational expert

10  included all limitations the ALJ found to exist (A.R. 293, 378-79).

11  No material error occurred.

12

13                             **CONCLUSION**

14

15      For all of the reasons discussed herein, Plaintiff's motion for

16  summary judgment is denied and Defendant's motion for summary judgment

17  is granted.

18

19      LET JUDGMENT BE ENTERED ACCORDINGLY.

20

21      DATED:  October 9, 2008.

22

23              _____/S/_____
                       CHARLES F. EICK
24            UNITED STATES MAGISTRATE JUDGE

25

26

27

28

                                7